The plaintiff, an intending passenger from Summit to New York on defendant's railway, while waiting on the station platform for his train, was struck by some part of another train which did not stop at that station. There was a nonsuit at the trial, and that ruling is the sole ground of appeal argued.
The tracks at the Summit station run practically east and west, and the platform on which plaintiff was standing, and which, according to a surveyor's map in evidence, was nineteen feet two inches wide, was between two eastbound tracks, that on the south connecting with the Gladstone Branch, and that on the north with the line to Morristown and points west. The train that plaintiff intended to take would come from Morristown, and stop on the north side of the platform. Plaintiff, however, took his stand toward the southerly side and was reading his newspaper when struck by a train from Gladstone which was an express, and did not stop at Summit. He was admittedly standing between six and eight inches *Page 208 
from the southerly edge of the platform. There was no evidence, and no claim in the complaint, of any abnormal projection from the side of the train. The second count of the complaint alleges that "one of the cars * * * was equipped with an iron bar which projected close to and over the edge of the platform" but in the testimony this turned out to be a handrail for the use of passengers in boarding and alighting, which projected not over three inches from the corner of the car. We find nothing substantial in the claim that the "safety line" was obliterated, or in the absence of a station master to warn passengers to stand back, or in the passage of trains at speed without warning. The case is not one of being caught by the suction of a belated train, as in Munroe v. Pennsylvania Railroad Co., 85 N.J.L. 688, but that of a passenger standing so near to the edge of the platform opposite to that from which he was to embark, as to be struck by the train itself. We do not think there was a case for the jury on primary negligence; but even if this were conceded, the plaintiff was plainly barred by reason of contributory negligence. "The law is well settled in this state that where a person places himself so near the edge of a railroad platform as to be within the line of the ordinary overhang of a properly constructed platform and engine, he contributes to the injury."Higgins v. Erie Railroad Co., 89 Id. 629, citing Dotson
v. Erie Railroad Co., 68 Id. 679.
The nonsuit was rightly directed, and the judgment is accordingly affirmed.
For affirmance — THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.
For reversal — PERSKIE, J. 1. *Page 209